UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GENON MID-ATLANTIC, LLC & GENON       :
CHALK POINT, LLC,                     :
                                      :
    Plaintiffs,                       :
                                      :      11 CV 1299 (HB)
        - against -                   :
                                      :      OPINION &
STONE & WEBSTER, INC.,                :      ORDER
                                      :
    Defendant.                        :
-------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

  Before the Court is an Objection to Magistrate Judge Frank Maas' ruling, which denied a request for sanctions by Defendant Stone and Webster, Inc. ("Shaw"). Shaw moved for sanctions based on spoliation of evidence by Plaintiffs GenOn Mid-Atlantic, LLC and GenOn Chalk Point, LLC (collectively, "GenOn"). I referred this matter to Judge Maas for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). Judge Maas denied Shaw's motion in a 33-page opinion dated April 20, 2012, and Shaw filed a timely appeal pursuant to Federal Rule of Civil Procedure ("FRCP") 72. For the reasons set forth below, Judge Maas' ruling is affirmed.

## I. BACKGROUND

  The details of this litigation are available in several earlier opinions. *See, e.g.*, *GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.* (*GenOn II*), No. 11 Civ. 1299, 2011 WL 5439046, at *1-*2 (S.D.N.Y. Nov. 10, 2011); *GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.*, 11 Civ. 1299, 2011 WL 2207513, at *1-*2 (S.D.N.Y. June 6, 2011) (*GenOn I*). An extensive overview of Shaw's motion for sanctions is presented in Judge Maas' opinion denying that motion, with which familiarity is assumed. *See, e.g.*, *GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.* (*GenOn III*), No. 11 Civ. 1299, 2012 WL 1414070, at *1-*6 (S.D.N.Y. Apr. 20, 2011).

  In its appeal, Shaw argues that reversal is required because although Judge Maas concluded that GenOn was "responsible for spoliation," he denied Shaw's request for sanctions because he found "that Shaw was not prejudiced by the spoliation of evidence." GenOn responds that this motion is a "waste of the Court's time," explaining that Shaw "failed to demonstrate any error of law by Judge Maas." GenOn Opp. 5.

## II.  LEGAL STANDARD

A party may object to an order issued on a nondispositive motion within 14 days of the order. Fed. R. Civ. Proc. 72(a).  "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*  A finding is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (quotation and citation omitted).  A finding is "contrary to law" if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citations omitted).

"A party seeking to overturn a discovery order therefore bears a heavy burden." *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007).  "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Id.* (*citing Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, No. 01 CV 7677, 2002 WL 31309232, at *1 (S.D.N.Y. Oct.15, 2002)).

## III.  DISCUSSION

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).  A party must act with a culpable state or mind, negligently at a minimum. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Secs., LLC*, 685 F. Supp. 2d 456, 467-68 (S.D.N.Y.2010).

"The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge and is assessed on a case-by-case basis." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (citation omitted).  Where a party's actions constitute gross negligence, there is a presumption of relevance and prejudice. *Id.* at 467-68.  However, "No matter how inadequate a party's efforts at preservation may be . . . sanctions are not warranted unless there is proof that some information of significance has actually been lost." *Orbit One Commc'ns v. Numerex Corp.*, 271 F.R.D. 429, 431 (S.D.N.Y. 2010).

After an extensive review of the facts surrounding Shaw's motion, Judge Maas concluded that Shaw had "established that GenOn acted with a degree of culpability sufficient to permit the imposition of sanctions by this Court," *i.e.*, that GenOn had acted negligently at a minimum by failing to ensure that FTI Consulting, Inc. ("FTI"), a third-party that assisted GenOn with certain audits of Shaw, ensured that its emails were preserved. *GenOn III*, 2012 WL 1414070, at *12.

However, Judge Maas found that "even if it was gross negligence for FTI not to take steps to preserve all of Slavis' information relating to the payroll and procurement audits, thereby leading to a presumption that relevant evidence was spoliated, GenOn and FTI have fully rebutted the suggestion that Shaw was prejudiced." *Id.* at *15.

Shaw argues that Judge Maas erroneously relied on the decision in *Orbit One*, which required prejudice to the innocent party, 271 F.R.D. at 431, and ignored the contrary conclusion of the *Pension Committee* court. I disagree. Shaw comes nowhere near shouldering the burden required in order to reverse following a decision by a magistrate Judge. Here, Judge Maas' ruling was neither clearly erroneous nor contrary to law.

## CONCLUSION

I have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, Judge Maas' Order is affirmed.

**SO ORDERED**
May 21, 2012
New York, New York

_____
U.S.D.J.

3